ALMAND, commissioner, *et al.* v. WALLACE.

No. 13375. JULY 16, 1940.

*Spalding, Sibley, Troutman & Brock, W. S. Northcutt,* and *E. Harold Sheats,* for plaintiffs in error.

*George & John L. Westmoreland,* contra.

DUCKWORTH, Justice. As agreed by the parties, a proper construction of sections 12 and 14 of the 1939 act is all that is required to reach a decision in this case. There is a very definite provision in section 12, that, as to the employees therein made subject to the act, it is mandatory. This means that the employees covered by section 12 have no choice, and are not permitted to escape coming under the provisions of the act. Since this is so, they would not be heard if they attempted to withdraw while continuing in the employment of the county. They can not claim the privilege of nullifying the mandatory provision of the act by simply withdrawing at their election after it has applied to them. While it is true that this case does not deal with one to whom the act is involuntarily applied, but deals with one who is given the free choice as to whether or not he will have it apply to him, nevertheless the issue here is not whether before exercising the option given to him by the act the defendant is bound by it. He crossed this line when he voluntarily elected to come under the act. He now raises the sole question in the case, to wit, whether he can at will withdraw after having elected to come under the act. On this question section 12 is indeed illuminating. Section 14, after providing for defendant and similar employees the privilege of choosing whether or not they shall come under the act, states that it is intended by this option to allow such a person "to come under the terms of this act in all particulars, just as if such person was a member of the class as set out in section 12 hereof." By virtue of the language last quoted the entire application of the act in all particulars to defendant is exactly the same as that to the class in section 12. It is mandatory, and allows no withdrawal or escape. Further in section 14 it is provided: "Once exercising said option such employees are entitled to all the rights and privileges and benefits under this act and are subject to all the conditions of this act."

The law does not authorize the defendant in error to withdraw,

668

but binds him to all the terms of the act, as well as entitles him to its benefits. He is neither entitled to a refund of the money deducted from his salary, nor to have these deductions stopped. The demurrer should have been sustained, and the mandamus absolute denied. *Judgment reversed. All the Justices concur.*